******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ERIN C. HASSETT *v.* SECOR'S AUTO CENTER, INC.
## (SC 20774)

Robinson, C. J., and McDonald, D'Auria, Ecker and Dannehy, Js.

*Syllabus*

Pursuant to the Uniform Commercial Code (§ 42a-2-711 (1)), a buyer who "justifiably revokes acceptance" of goods purchased from a seller may recover "so much of the price as has been paid . . . ."

The plaintiff sought to recover damages from the defendant automobile dealership, S Co., in connection with S Co.'s sale of an allegedly defective, used motor vehicle. The plaintiff financed the majority of the purchase price through a loan with S Co., which agreed to provide a limited warranty on the vehicle. Shortly after the purchase, the plaintiff began to experience mechanical problems with the vehicle, and, when S Co. refused to make the costly, recommended repairs, the plaintiff sent a letter to S Co., in which she revoked her acceptance of the vehicle. The plaintiff thereafter brought the present action, alleging breach of warranty and revocation of acceptance pursuant to statute (§ 42a-2-608). Specifically, the plaintiff alleged that she had notified S Co. of her intent to revoke acceptance of the vehicle and that S Co. had refused to accept its return or to refund to her so much of the purchase price as had been paid pursuant to § 42a-2-711 (1). After the presentation of evidence and closing argument, the parties' counsel agreed to the special verdict form the trial court would provide to the jury, as well as to the court's jury instructions, which set forth two divergent sets of directions as to how to calculate damages, depending on whether the plaintiff had proven her revocation of acceptance claim. The jury ultimately returned a verdict for the plaintiff, including on her revocation of acceptance claim, and awarded her $11,000 in damages, which was roughly equal to the amount the plaintiff had made in monthly payments to S Co. at the time of trial. The plaintiff subsequently moved for additur, requesting that the court order S Co. to remit to her the full purchase price of the vehicle, in addition to the $11,000 the jury had awarded. The trial court denied the motion for additur, concluding that the jury's verdict clearly set forth the amount of damages due to the plaintiff, and rendered judgment in accordance with the verdict. The Appellate Court upheld the trial court's denial of the motion for additur and affirmed the trial court's judgment. On the granting of certification, the plaintiff appealed to this court, claiming that she was entitled to the jury's award of $11,000, in addition to a refund of the full purchase price of the vehicle, because the jury found in her favor on her revocation of acceptance claim.

*Held* that the Appellate Court correctly concluded that the trial court had not abused its discretion in denying the plaintiff's motion for additur, this court having disagreed with the plaintiff's argument that the jury's verdict did not include an award of revocation of acceptance damages and that, pursuant to § 42a-2-711, those damages were to be decided by the trial court, as a matter of law, after the jury returned its verdict:

The issue of revocation of acceptance damages was submitted to the jury as a matter of disputed fact, the court instructed the jury to award the plaintiff damages that were due to her on her revocation of acceptance claim, and the parties' agreement with the jury instructions and the verdict form manifested their decision to have the jury decide whether the plaintiff had proven her revocation of acceptance claim and, if so, the amount of damages to which she was entitled on that claim.

Moreover, the verdict form indicated that the jury had found in the plaintiff's favor on her revocation of acceptance claim and awarded $11,000 as the amount of damages, and, applying the presumptions that the jury did not make a mistake, did exactly as it intended, and properly followed the court's instructions, this court concluded that the jury intended that its $11,000 award as revocation of acceptance damages equal its determination of so much of the purchase price of the vehicle

as the plaintiff had paid, in accordance with § 42a-2-711 (1).

Contrary to the plaintiff's claim that the trial court reserved the issue of revocation of acceptance damages as a legal question it would determine postverdict because the pleadings demonstrated that S Co. had admitted the purchase price of the vehicle, the parties' pleadings did not definitively resolve the amount of such damages, insofar as the complaint alleged only that the vehicle's "purchase price" was a certain amount, which fell short of conclusively establishing the amount of the "price as has been paid" pursuant to § 42a-2-711 (1), and S Co.'s failure to contest the vehicle's purchase price did not relieve the plaintiff of her burden of proving at trial the amount of the purchase price she had paid in addition to any incidental and consequential damages.

Furthermore, nothing in the record suggested that the trial court reserved, as a legal question, a determination of the amount of revocation of acceptance damages pursuant to § 42a-2-711 (1) until after the jury returned its verdict, the plaintiff's reliance on a certain statement by the trial court in support of that argument was misplaced, insofar as the court was indicating that it was reserving a different question of law concerning revocation of acceptance, and the fact that S Co. requested a hearing on the value of the vehicle before the court ruled on the motion for additur did not amount to a retroactive admission that the plaintiff's revocation of acceptance damages were not at issue during the trial.

In addition, there was no merit to the plaintiff's argument that it was inequitable for the trial court to decline to award her the vehicle's full purchase price because that decision violated the general principle in breach of contract cases that she be returned to the same position she would have been in had the contract been performed, as it was within the province of the jury to determine the amount of damages that would return the plaintiff to the financial position she would have been in had the contract been performed, that was what the jury was instructed to do, and the plaintiff, having asked the jury to award revocation of acceptance damages, could not now request this court to conclude, as a matter of statutory interpretation, that the trial court should have determined the proper measure of those damages after the jury returned its verdict.

To the extent that the plaintiff did not receive the full amount of her claim for damages, the jury might have discredited aspects of her evidence or determined that she failed to establish that the full purchase price of the vehicle had been paid.

Argued November 13, 2023—officially released January 30, 2024

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged breach of implied warranties, and for other relief, brought to the Superior Court in the judicial district of New London and tried to the jury before *S. Murphy, J.*; verdict in part for the plaintiff; thereafter, the court denied the plaintiff's motion for additur and rendered judgment in accordance with the verdict, from which the plaintiff appealed to the Appellate Court, *Cradle*, *Clark* and *Harper*, *Js.*, which affirmed the trial court's judgment, and, the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Sergei Lemberg*, with whom was *Vlad Hirnyk*, for the appellant (plaintiff).

*Sandra R. Stanfield*, with whom were *Victoria S. Mueller* and *Mathew H. Greene*, for the appellee (defendant).

*Opinion*

D'AURIA, J. In this certified appeal, we consider the propriety of a jury's damages award for a consumer's revocation of acceptance of a motor vehicle pursuant to the Uniform Commercial Code and, in particular, General Statutes § 42a-2-711. The plaintiff, Erin C. Hassett, appeals, upon our grant of her petition for certification, from the judgment of the Appellate Court affirming the trial court's denial of her motion for additur and rendering judgment in accordance with the verdict against the defendant, Secor's Auto Center, Inc. On appeal, the plaintiff claims that the Appellate Court incorrectly concluded that the trial court had not abused its discretion in denying her motion for additur. We disagree and, accordingly, affirm the Appellate Court's judgment.

The jury reasonably could have found the following facts. The plaintiff purchased a used 2010 BMW xDrive 50i (vehicle) from the defendant for a "[t]otal [s]ale [p]rice" of $28,848.40. To accomplish the purchase, the parties entered into a retail installment contract as well as a purchase agreement. Pursuant to the purchase agreement, the defendant provided a limited warranty on the vehicle for a term of sixty days or 3000 miles, whichever happened first. The plaintiff's down payment of $2500 reflected the value of the car that she traded in, and she financed the remainder of the price through a loan with the defendant. The plaintiff agreed to repay the loan on a monthly basis over the course of sixty months. The defendant, upon executing the retail installment contract, simultaneously assigned the right to collect payments to Volvo Car Financial Services U.S., LLC (Volvo). Volvo secured its interest with a lien on the title to the vehicle. Neither party made Volvo a party to this action. See General Statutes § 52-572g.

Shortly afterward, the plaintiff began experiencing mechanical problems with the vehicle. After noticing that the vehicle's warning light indicating a low oil level had turned on, the plaintiff brought the vehicle to the defendant to remedy the issue. The defendant's service technicians tightened the oil drain plug, removed the residual oil, and returned the vehicle to the plaintiff. One week later, the plaintiff brought the vehicle to the defendant because the oil light had turned on again. The defendant could not ascertain the source of the oil leak and referred the plaintiff to New Country Motor Cars (New Country) in Hartford to diagnosis the issue. New Country's inspection revealed that the vehicle "smoke[d] excessively after idling for a couple minutes," and New Country determined that it was necessary to replace the valve seals to rectify the oil problem. New Country quoted $9200 as the cost of the repair. The plaintiff presented New Country's diagnosis and quote to the defendant, and requested that the defendant make the necessary repairs to the vehicle.

The defendant refused to fix the vehicle because it deemed the repairs unnecessary and not covered by the limited warranty. After retaining counsel, the plaintiff sent a demand letter to the defendant in which, among other things, she revoked her acceptance of the vehicle. In the letter, the plaintiff's counsel alleged that the defendant had violated the limited warranty by failing to repair the vehicle and requested that the defendant "return . . . all money paid so far, including the down payment, [the] amount of payments thus far, finance charges, other fees, incidental and consequential damages, costs, and attorney's fees." The defendant's counsel responded with a letter denying the plaintiff's allegations and stating that the defendant properly had responded to the plaintiff's oil leak concerns. Despite having revoked her acceptance, the plaintiff continued to drive the vehicle and, on the advice of her counsel, to make her monthly loan payments for fear that her failure to do so would negatively impact her credit rating.

The plaintiff then filed the present action against the defendant, a six count complaint primarily alleging a myriad of breach of warranty claims.[1] The plaintiff also asserted a revocation of acceptance claim, pursuant to General Statutes § 42a-2-608,[2] in which she alleged that she previously had notified the defendant of her intent to revoke acceptance but that the defendant had refused to accept the return of the vehicle or to refund the plaintiff's purchase price. In her prayer for relief as to all six counts, the plaintiff requested, in pertinent part, an order approving revocation of acceptance of the vehicle, as well as damages in the form of a refund of the full contract price, including trade-in allowance, taxes, fees, insurance premiums, interest, costs, a refund of all payments she had made, and incidental and consequential damages. The defendant's answer admitted certain underlying facts, including that the plaintiff had purchased the vehicle from the defendant and that "[t]he purchase price of the vehicle was $28,848.40, including options, fees, taxes, and finance charges." The defendant otherwise left the plaintiff to her proof with respect to her claims and asserted as a special defense that she had failed to mitigate her damages.

The parties tried the case before a jury over the course of three days. The plaintiff testified that she still had possession of the vehicle, that it had been parked in her driveway for one year because it no longer ran, and that she was still making the monthly payments on the vehicle at the time of trial. The plaintiff introduced numerous documents into evidence, including the purchase agreement and the retail installment contract. During closing arguments, the plaintiff's counsel did not request that the jury award a specific amount of damages but, instead, highlighted various monetary aspects of the case. Particularly, the plaintiff's counsel recounted for

the jury that "[t]he vehicle was purchased for $25,471.79," and stated that, during deliberations, the jury should refer to the purchase agreement, which was in evidence. The plaintiff's counsel also maintained that the plaintiff had to pay $2000 in interest as part of her continuing monthly payments for the vehicle, $1000 for insurance, $400 for property taxes, and $400 for a new battery.

Following closing arguments, the court provided the jury with a general instruction on the purpose of damages awards in contract cases[3] and then two divergent instructions as to how to calculate damages, depending on whether the plaintiff had proven her revocation of acceptance claim. First, tracking the language of § 42a-2-711, the court instructed the jury: "If you find that the plaintiff has met her burden of proof on a revocation of acceptance claim, then [the] plaintiff is entitled to a refund of *so much of the purchase price as has been paid as well as damages for incidental and consequential expenses*. Incidental damages include expenses reasonably incurred in inspection, receipt, transportation, and care and custody of the vehicle rightfully rejected, and any other reasonable expense incident to the defendant's breach. Consequential damages resulting from the defendant's breach include any loss resulting from general or particular requirements and needs of which the defendant at the time had reason to know and which could not reasonably be prevented by cover or otherwise an injury to person or property proximately resulting from any breach of warranty. Consequential damages include any loss that may fairly and reasonably be considered as arising naturally according to the usual course of things from such breach." (Emphasis added.) Second, the court instructed the jury: "If you find that [the] plaintiff did not prove her revocation of acceptance claim but proved one or all of her breach of warranty claims, either express or implied warranty of merchantability, then [the] plaintiff is entitled to the difference in the value of the subject vehicle with its nonconformity and the amount the subject vehicle would be worth if it did not have the nonconformity. [The] plaintiff is also entitled to recover incidental, [consequential] damages reasonably incurred as a result of the breach." After an off-the-record discussion between the court and counsel as to the precise language to be used in the revocation of acceptance damages instruction,[4] both counsel agreed with all of the jury instructions.

Counsel for both parties also agreed on the special verdict form the court would provide to the jury, which was divided into liability and damages sections. The liability section contained thirteen interrogatories corresponding to each substantive element across all six of the plaintiff's legal claims. The damages section contained five interrogatories that the jury had to answer: (1) "What amount of damages (compensatory, incidental and/or consequential, as applicable), if any, do you

award the plaintiff against [the] defendant?" (2) whether punitive damages were warranted, (3) whether the defendant proved its special defense that the plaintiff had failed to mitigate her damages, (4) the amount of damages attributable to the plaintiff's failure to mitigate, and (5) the "total award of damages to the plaintiff, if any, as against the defendant after the reduction of damages for failure to mitigate, if any?"

Later that day, the jury returned a verdict in the plaintiff's favor in the amount of $11,000. The jury found in the defendant's favor on the plaintiff's unfair trade practices claim and in the plaintiff's favor on her five other claims, including her revocation of acceptance claim. See footnote 1 of this opinion. Of the thirteen interrogatories in the liability section of the verdict form, four related to the substantive elements of the plaintiff's revocation of acceptance claim. The jury answered each in the affirmative, and none involved the issue of damages. In the damages section, the jury stated that the defendant had not proven its failure to mitigate special defense and found that the plaintiff was not entitled to punitive damages. In response to both interrogatories (numbers 1 and 5) asking the jury for its total award of damages, the jury foreperson wrote $11,000.

The plaintiff then moved for judgment in accordance with the verdict and for additur,[5] requesting that the court order the defendant to "retake" title to the vehicle and remit to her "the purchase price paid of $25,471.79" in addition to the jury's award of damages. The plaintiff relied on § 42a-2-711 (1), which provides in relevant part that a buyer who "justifiably revokes acceptance" may recover "so much of the price as has been paid . . . ." The plaintiff acknowledged that the court had provided the jury with a damages instruction directing it to award her "so much of the purchase price as has been paid as well as damages for incidental and consequential expenses" and that the jury had awarded her $11,000 in damages. Nevertheless, the plaintiff contended that, because the jury found that she had justifiably revoked her acceptance of the vehicle, § 42a-2-711 entitled her to "the vehicle purchase price" of $25,471.79 in addition to the jury's damages award.

The defendant filed an initial objection to the plaintiff's motion for additur and requested that the court conduct a hearing to determine the vehicle's present value. This objection did not directly contest that the plaintiff might be entitled to an amount of damages different from what the jury had awarded. The defendant later supplemented its objection to the plaintiff's motion, arguing that the jury's $11,000 damages award was adequate as a matter of law.[6] The defendant argued that it was within the jury's province, consistent with the court's instruction, to calculate and award the plaintiff "so much of the price as has been paid" pursuant

to § 42a-2-711 (1), and that was precisely what the jury did. The defendant also contended that there was ample support for the jury's award of $11,000 because it roughly equaled the twenty-five monthly payments that the plaintiff had made at the time of trial. In her reply memoranda, the plaintiff argued that the "defendant must repurchase the vehicle from the plaintiff in accordance with [§ 42a-2-711 (1), which] calls for the refund of 'so much of the price as has been paid' " and that "the jury *need* not calculate the amount [that the] plaintiff gets back in a revocation of acceptance claim" because § 42a-2-711 "clearly states [that the] plaintiff gets the purchase price paid and title revests" in the defendant. (Emphasis altered.)

After hearing argument, the court denied the motion for additur and rendered judgment in accordance with the verdict. The plaintiff sought clarification, and the court explained that "[t]he jury's verdict clearly sets forth the amount of damages due [to] the plaintiff. Further, title to the subject vehicle is appropriately addressed by way of operation of law, in accordance with [the] Connecticut General Statutes."[7]

The plaintiff appealed to the Appellate Court, challenging the trial court's decision on her motion for additur and renewing her argument that, because the jury had found in her favor on her revocation of acceptance claim, § 42a-2-711 (1) entitled her to a refund of "so much of the price as has been paid," and that amount equaled the vehicle's full purchase price of $25,471.79. *Hassett* v. *Secor's Auto Center, Inc.*, 215 Conn. App. 463, 473, 284 A.3d 31 (2022). The Appellate Court agreed with the defendant that the trial court properly had exercised its discretion in denying the plaintiff's motion for additur and in rejecting her claim under § 42a-2-711 as "without any support in our jurisprudence." Id., 475. The Appellate Court further concluded that the plaintiff had failed to establish—by way of evidence at trial or an admission in the pleadings—that she had in fact paid the vehicle's total purchase price. Id., 475–77.

On appeal to this court, the plaintiff does not challenge the trial court's jury instructions, the verdict form, or even the amount of the jury's verdict. Instead, the plaintiff claims that she is entitled to the jury's award of $11,000 *plus* a refund of the vehicle's full purchase price, $25,471.79, because the jury found in her favor on her revocation of acceptance claim. To support her position, the plaintiff contends that the issue of revocation of acceptance damages, pursuant to § 42a-2-711, was to be decided as a matter of law by the court after trial and was not a disputed issue of fact for the jury. She argues that the court's failure to award her the full purchase price of the vehicle violated the general principle of damages awards in breach of contract actions, providing that she be returned to the financial position she would have been in had the defendant

performed the contract, and the direction of *Barco Auto Leasing Corp.* v. *House*, 202 Conn. 106, 520 A.2d 162 (1987), that §§ 42a-2-711 and 42a-2-608 require that a seller return the "purchase price in toto . . . ." Id., 115.

We review a trial court's decision to grant or deny a motion for additur for an abuse of discretion. See, e.g., *Maldonado* v. *Flannery*, 343 Conn. 150, 168, 272 A.3d 1089 (2022); *Childs* v. *Bainer*, 235 Conn. 107, 113, 663 A.2d 398 (1995). It is well settled that the "amount of a damage[s] award is a matter peculiarly within the province of the trier of fact . . . ." (Internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Cantillon*, 347 Conn. 58, 69, 295 A.3d 919 (2023); *Saleh* v. *Ribeiro Trucking, LLC*, 303 Conn. 276, 280, 32 A.3d 318 (2011). "We are, therefore, constrained to accord substantial deference to the fact finder on the issue of damages." (Internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 780, 43 A.3d 567 (2012).

"The reason for such a deferential standard is clear. Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict," or in the present case, to add to the jury's damages award. (Internal quotation marks omitted.) *Munn* v. *Hotchkiss School*, 326 Conn. 540, 575, 165 A.3d 1167 (2017); see also *Presidential Capital Corp.* v. *Reale*, 231 Conn. 500, 510, 652 A.2d 489 (1994). "[When], as here, a trial court and a jury have concurred in their determination that a particular damages award is appropriate, that circumstance provides a persuasive argument for sustaining the action of the court on the motion" for additur. (Internal quotation marks omitted.) *Munn* v. *Hotchkiss School*, supra, 574–75. "[I]f, on the evidence, the jury could reasonably have decided as [it] did, [the reviewing court] will not find error in the trial court's acceptance of the verdict . . . ." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 183, 745 A.2d 789 (2000). The decision whether to order an additur "should be made, not on the assumption that the jury made a mistake, but, rather, on the supposition that the jury did exactly what it intended to do." Id., 189. "Our jurisprudence is clear . . . that unless there is a clear indication to the contrary, a jury is presumed to follow the court's instructions." *PSE Consulting, Inc.* v. *Frank Mercede & Sons, Inc.*, 267 Conn. 279, 335, 838 A.2d 135 (2004).

We conclude that the trial court did not abuse its discretion by denying the plaintiff's motion for additur precisely for the reason the court articulated: "[t]he jury's verdict clearly sets forth the amount of damages

due [to] the plaintiff." As we will explain, we disagree with the predicate of the plaintiff's argument, which is that the jury's verdict did not include an award of damages flowing from the plaintiff's effective revocation of acceptance of the vehicle, pursuant to § 42a-2-711 but, instead, that the court was to award those damages as a matter of law after trial. Our review of the record reveals that the jury was asked to award those damages and did so. The plaintiff has not challenged that award, and her claim that the trial court should have added to it lacks merit. As a consequence of the particular way that the parties tried this case, we need not determine whether there is a singular meaning to the phrase "so much of the price as has been paid" in § 42a-2-711 (1).[8]

As the defendant aptly contends, the issue of revocation of acceptance damages pursuant to § 42a-2-711 was submitted to the jury as a matter of disputed fact. The court instructed the jury to award the plaintiff damages due to her on her revocation of acceptance claim.

Specifically, the court's instructions provided the jury with a choice between two exclusive methods for calculating damages. Which route the jury chose hinged on whether the plaintiff had proved her revocation of acceptance claim. First, the court instructed the jury that, if the plaintiff had proved her revocation of acceptance claim, she was, among other things, "entitled to a refund of so much of the purchase price as has been paid," consistent with the language of § 42a-2-711 (1). If the plaintiff did not prove her revocation of acceptance claim but prevailed on one or all of her breach of warranty claims, then, the jury was instructed, the plaintiff was "entitled to the difference in the value of the subject vehicle with its nonconformity and the amount the subject vehicle would be worth if it did not have the nonconformity." The parties' agreement with the court's instructions and the verdict form submitted to the jury manifests the parties' decision to have the jury decide whether the plaintiff had proved her revocation of acceptance claim and, if so, the amount of damages to which she was entitled on that claim. See footnote 3 of this opinion.

The verdict form stated that the jury had found in the plaintiff's favor on her revocation of acceptance claim and awarded $11,000 as the "amount of damages (compensatory, incidental and/or consequential, as applicable) . . . ." Applying the presumptions that the jury did not make a mistake, did exactly as it intended; *Wichers* v. *Hatch*, supra, 252 Conn. 189; and properly followed the court's instructions; *PSE Consulting, Inc.* v. *Frank Mercede & Sons, Inc.*, supra, 267 Conn. 335; we must conclude, on this record, that the jury intended its $11,000 award as revocation of acceptance damages equal to its determination of "so much of the price as has been paid" in accordance with § 42a-2-711 (1).

The plaintiff appears to argue that the jury's $11,000

award represented the incidental and consequential damages she sustained, not the amount of the "purchase price as has been paid . . . ."[9] This position is belied by the instructions provided to the jury, as well as the interrogatory the jury was asked to answer, which directed the jury to determine the amount of the purchase price that had been paid as well as consequential and incidental damages.

To support her argument that the trial court reserved the issue of revocation of acceptance damages as a legal question it would determine after trial, the plaintiff contends that (1) a "textual interpretation of the pleadings" demonstrates that the defendant admitted the purchase price for the vehicle was $25,471.79, (2) the court, during its charging conference, deemed this an issue of law, and (3) the defendant admitted in its initial objection to the plaintiff's motion for additur that the purchase price was not in dispute and had not been submitted to the jury. Our careful review of the record fails to reveal any indication that the parties operated under the assumption that the amount of the "purchase price as has been paid" was not in dispute at trial, that the plaintiff was therefore relieved of her obligation to prove it, or that the trial court would determine and award those damages postverdict.[10]

First, the parties' pleadings do not definitively resolve the amount of revocation of acceptance damages.[11] Although, arguably, the defendant did not contest the vehicle's purchase price—as manifested by its answer to the plaintiff's complaint and its lack of objection to the introduction into evidence of the purchase agreement and the retail installment contract—that fact in no way relieved the plaintiff of her burden of proving at trial the amount of "the [purchase] price as has been paid," pursuant to § 42a-2-711 (1), in addition to any incidental or consequential damages, pursuant to General Statutes §§ 42a-2-714 and 42a-2-715. In her complaint, the plaintiff alleged that "the purchase price of the vehicle was $28,848.40, including options, fees, taxes, and finance charges." Although the defendant admitted this allegation in its answer, this admission falls short of conclusively establishing that $28,848.40 was the amount of the "price as has been paid . . . ." General Statutes § 42a-2-711 (1). The defendant merely admitted that this was the "purchase price" for the vehicle, not that it was amount of that purchase price "as has been paid."[12] Moreover, the jury was not informed of this factual admission because neither the plaintiff's complaint nor the defendant's answer was introduced into evidence at trial, and the court did not instruct the jury that it should consider the plaintiff to have conclusively proven the amount of the purchase price because the defendant had admitted it in the pleadings.

Second, the court did not reserve the question of revocation of acceptance damages for determination

postverdict, as the plaintiff contends. It is true that, at the charging conference, the court reserved a question of law regarding revocation of acceptance until after the verdict. Contrary to the plaintiff's argument, however, that question concerned the transfer of the vehicle's title if the jury found that the plaintiff had prevailed on her revocation of acceptance claim. Particularly, the court stated, "just for the record, I know that counsel also had a concern as to any confusion with respect to the *actual vehicle* if there was a finding relative to the revocation of acceptance claim in favor of the plaintiff. I did want to, on the record, provide this particular section to you: [General Statutes §] 42[a]-2-401 (4), which states, rejection or other refusal or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a sale. . . . I know there was an inquiry about that, so the court is not going to address that in a particular charge. I think we'll leave that out of the charge, and that happens by way of operation of law." (Emphasis added.) We find no suggestion in the record that the court reserved until after the jury returned its verdict, as a legal question, the determination of the amount of the purchase price that had been paid pursuant to § 42a-2-711 (1).

Third, in its initial objection to the motion for additur, the defendant did not admit that the amount of the purchase price "as has been paid" was not submitted to the jury. Rather, to permit the parties to submit evidence on the present condition of the vehicle, the defendant requested "that a hearing should be had regarding the value of the vehicle which is the subject of this litigation before the court enters an award on the purchase price, as is requested by the plaintiff." We acknowledge the confusing nature of this request, as it was inconsistent with the jury's award of revocation of acceptance damages, the plaintiff's additur request seeking the full purchase price, as well as the jury's finding that the defendant did not prove its failure to mitigate special defense. Nevertheless, the defendant's hearing request did not amount to a retroactive admission that the plaintiff's § 42a-2-711 revocation of acceptance damages were not at issue during trial. In its supplemental objection and other written submissions to the trial court, the defendant made clear its position that the jury already had decided this issue and had awarded the plaintiff revocation of acceptance damages. In short, the record makes evident that the parties submitted the question of revocation of acceptance damages to the jury and that the jury awarded those damages.

Despite having asked the jury to award revocation of acceptance damages in the first instance, the plaintiff now asks this court, as a matter of statutory interpretation, to conclude that the trial court should have determined the proper measure of revocation of acceptance damages postverdict, but she provides no authority for

us to do so. To support her claim, she relies on the "general rule in breach of contract cases" that the damages due to her are designed to place her "in the same position as that which [she] would have been in had the contract been performed." (Internal quotation marks omitted.) *Meribear Productions, Inc.* v. *Frank*, 340 Conn. 711, 754, 265 A.3d 870 (2021). She also relies on a sentence from *Barco Auto Leasing Corp.* v. *House*, supra, 202 Conn. 106, in which this court stated that §§ 42a-2-711 and 42a-2-608, "read in conjunction, envision a rule that requires a seller to return the buyer's purchase price in toto when he has delivered nonconforming goods under circumstances that afford a buyer a right to reject or to revoke acceptance." Id., 115.

We agree with the plaintiff that these general legal principles serve as the lodestar for measuring damages in revocation of acceptance actions such as the present one. These general principles do not entitle the plaintiff to the total sum that she claims she was entitled to as a matter of law, however. If the case is tried to a jury, then a plaintiff must prove damages to the jury's satisfaction, subject to the trial court's postverdict review on a motion for additur pursuant to General Statutes §§ 52-216a and 52-228b. The plaintiff provides us with no authority, and we are aware of none, that requires a court to award the plaintiff her full damages claim under the present circumstances. A party cannot ask the jury for an award of a certain type of damages and then, dissatisfied with the verdict, repackage its damages claim as a question of statutory interpretation and ask the trial court to award that same type of damages in a higher amount as a matter of law.

The crux of the plaintiff's argument is that it was inequitable for the trial court to decline to award her the vehicle's full purchase price (including the amount she had financed) because that decision violated the principle that she be returned to the same position she would have been in had the contract been performed. The plaintiff's grievance is misplaced. As we stated, it was peculiarly within the jury's province to determine the amount of damages that would return the plaintiff to the financial position she would have been in had the contract been performed. That is exactly what the jury was instructed to do, and the plaintiff has not challenged the verdict itself. See footnote 5 of this opinion. We acknowledge that the plaintiff did not receive the full amount of her damages claim, but that is not uncommon in jury cases. The jury might have discredited aspects of the plaintiff's evidence with respect to damages or determined that the plaintiff had failed to establish to its satisfaction that the vehicle's full purchase price had been paid. In closing argument, the plaintiff's counsel directed the jury to the purchase contract in evidence containing the purchase price for the vehicle but did not expressly ask the jury for $25,471.79—or any other figure—as damages for revo-

cation of acceptance. Without specific interrogatories asking for the jury's damages calculus, we cannot know for certain how the jury reached its $11,000 award. But, as the Appellate Court aptly recognized, it is plausible that, without further guidance, the jury reasoned that $11,000 was the amount " 'of the purchase price as has been paid as well as damages for incidental and consequential expenses' " because that amount roughly equaled the cumulative number of monthly payments the plaintiff had made between the date of purchase and trial. See *Hassett* v. *Secor's Auto Center, Inc.*, supra, 215 Conn. App. 476, 478. It is up to the jury to weigh the parties' evidence, and "[j]uries may differ widely in the conclusions . . . they reach in what may be apparently similar cases, and, in fact, in any given case one jury may arrive at a result substantially different from that of another jury." (Internal quotation marks omitted.) *Munn* v. *Hotchkiss School*, supra, 326 Conn. 579.

The plaintiff could have filed a motion to set aside the verdict *and* moved for additur, challenging the jury's damages award as inadequate. See, e.g., *Childs* v. *Bainer*, supra, 235 Conn. 114–15; see also footnote 5 of this opinion. Alternatively, in pursuit of the full purchase price of the vehicle, instead of presenting the question of revocation of acceptance damages to the jury in the first instance, the plaintiff could have attempted to reserve the issue until after the verdict on the basis of a stipulation to the exact amount of those damages should the jury find in her favor on her revocation of acceptance claim. See, e.g., *Salamone* v. *Douglas Marine Corp.*, United States District Court, Docket No. 1:19-CV-01213 (MAD/DJS), 2021 WL 3723105, \*7 (N.D.N.Y. August 23, 2021) (parties stipulated prior to trial amount "paid" in connection with revocation of acceptance claim).[13] The plaintiff did neither. Instead, she moved for judgment in accordance with the verdict, making no challenge to the propriety of the jury's award of $11,000. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying the plaintiff's motion for additur.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] The six counts of the complaint alleged (1) breach of implied warranties under General Statutes § 42a-2-314; (2) breach of written warranties under General Statutes §§ 42a-2-313 and 42a-2-318; (3) breach of written and implied warranties under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq. (2012); (4) revocation of acceptance under General Statutes § 42a-2-608; (5) breach of the obligation of good faith and fair dealing under General Statutes § 42a-1-304; and (6) violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

[2] Although the plaintiff's complaint cited the implied warranty statute, General Statutes § 42a-2-314, to support her revocation of acceptance claim, it was clear at trial that her claim actually was founded on § 42a-2-608. The defendant makes no claim otherwise.

[3] The general damages instruction provided: "In deciding damages, you must attempt to restore the plaintiff to her original position prior to the purchase as nearly as possible. [The] plaintiff is not entitled to recover more than once for harm growing out of the same transaction, occurrence, or

event. In other words, [the] plaintiff may recover fair, just, and reasonable damages for the same loss only once. The evidence must give you a sufficient basis upon which to estimate the amount of damages claimed by the plaintiff. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of a guess, speculation, or conjecture. The law does not require [the] plaintiff to prove her damages with mathematical precision, but only with as much definiteness as the circumstances permit to give you a sufficient basis upon which to estimate those damages.''

[4] To recount these off-the-record discussions for the record, the court stated: "Revocation of acceptance claim proved. I know there was a discussion, informally, about some deletion of material that had been produced or requested of the court to insert regarding the damages. The court did take note of that. I have inserted the required language pursuant to the statutory elements of damages relevant to that claim. Counsel, have you had time to review that, and do you have any comments, questions, or concerns you'd like to put on the record?'' After further discussion off the record, both counsel responded that the charge was "fine . . . .'' The record does not indicate what changes the parties requested or the trial court made to this instruction.

[5] Ordinarily, additur is sought in conjunction with a motion to set aside the verdict and challenges the propriety of the jury's verdict as being (1) so inadequate that it shocks the court's sense of justice, (2) inadequate because the plaintiff proved substantial damages, or (3) inherently ambiguous. See, e.g., *Maldonado* v. *Flannery*, 343 Conn. 150, 166, 272 A.3d 1089 (2022); *Childs* v. *Bainer*, 235 Conn. 107, 114–15, 663 A.2d 398 (1995).

Here, the plaintiff does not challenge the jury's verdict. Instead, she asked the trial court to uphold the verdict and award her additional damages equal to the vehicle's purchase price. The defendant, recognizing the irregularity of the method the plaintiff used, contended in its supplemental objection to the motion for additur that "the plaintiff ha[d] procedurally waived [her] right to request an additur'' by failing to move to set aside the verdict. Because the defendant does not renew this procedural argument on appeal, we need not address it.

[6] In one sentence in her opening brief to this court and another in her reply brief, the plaintiff contends that the defendant should be judicially estopped from changing the position it took in its initial objection. We decline to consider this argument because it is raised for the first time on appeal and is inadequately briefed. See, e.g., *JPMorgan Chase Bank, National Assn.* v. *Lakner*, 347 Conn. 476, 496 n.9, 298 A.3d 249 (2023); *Cohen* v. *Rossi*, 346 Conn. 642, 689–90, 295 A.3d 75 (2023).

[7] The aspect of the court's decision concerning the passage of title to the vehicle is not at issue on appeal.

[8] The focus of the parties' submissions to this court concerned the construction of § 42a-2-711, consistent with the language of the question we certified for review: "Did the Appellate Court properly construe and apply . . . § 42a-2-711 (1) in concluding that the trial court had not abused its discretion in denying the plaintiff's motion for additur with respect to the damages awarded to the plaintiff for her revocation of acceptance claim?'' *Hassett* v. S*ecor's Auto Center, Inc.*, 345 Conn. 965, 965–66, 285 A.3d 389 (2022). Because the parties agreed to submit the issue of revocation of acceptance damages to the jury, however, we cannot resolve the statutory interpretation aspect of the certified question in this appeal. To the extent that the Appellate Court discussed the meaning of § 42a-2-711, including its potential interplay with § 52-572g (a) when the consumer has financed her purchase, we must view the precedential value of this analysis to be confined to the distinct factual scenario at issue. See *Hassett* v. *Secor's Auto Center, Inc.*, supra, 215 Conn. App. 475–76, 477 n.7.

[9] The plaintiff has neither attempted to offer her point of view as to how the jury reached its $11,000 damages award nor explained what aspects of incidental and consequential damages would have supported that award.

[10] In her reply brief, the plaintiff faults the defendant for failing in its appellee brief to respond to her contention that the award of the purchase price for the vehicle was undisputed and not submitted to the jury. It is true that the bulk of the defendant's appellee brief answers the statutory interpretation aspect of the certified question. See footnote 8 of this opinion. Nevertheless, the defendant's brief is replete with various arguments supporting its long-standing position that the jury decided the issue of revocation of acceptance damages in the first instance.

[11] To the extent that we are required to interpret the parties' pleadings,

our review is plenary. See, e.g., *Carpenter* v. *Daar*, 346 Conn. 80, 128, 287 A.3d 1027 (2023).

[12] Additionally, the amount that the plaintiff alleged was the purchase price in her complaint, $28,848.40, was different from the amount that she claimed was the purchase price of the vehicle in her motion for additur, $25,471.79. The difference between those purchase prices is equal to the $3376.61 finance charge, but the plaintiff never has explained why that amount, under her theory of the case, should or should not have been included in the amount of the "price as has been paid" pursuant to § 42a-2-711 (1). Indeed, the retail installment contract and the purchase agreement also contain disparate amounts that arguably could have been used as the "purchase price." The retail installment contract provides that the "[t]otal [s]ale [p]rice" was $28,848.40, and the "[c]ash [p]rice" was $24,774.79, whereas the purchase agreement provides that the "cash price" was $23,415, the "total cash price delivered" was $25,471.79, and the "total time price" was $28,848.40. Regardless, the amount of the purchase price the plaintiff requested in her motion for additur was not undisputed because it was not the amount to which the defendant admitted.

[13] We do not decide whether the issue of revocation of acceptance damages pursuant to § 42a-2-711 must be decided by the jury as a matter of fact in every case. Our decision in this regard is limited to the facts presented, and we do not limit the ability of the parties in a prospective case to argue that a court, as a matter of law, can award revocation of acceptance damages pursuant to § 42a-2-711 after trial.

---